1           THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON AT SEATTLE
9
    WENDY LECLAIR,                           |   No. C09-1047 JCC
10
                          Plaintiff,         |   EXHIBIT D TO THE DECLARATION OF
11                                           |   JOHN F. JENKEL IN SUPPORT OF
            vs.                              |   DEFENDANT'S MOTION FOR
12                                           |   SUMMARY JUDGMENT
    SUTTELL & ASSOCIATES, PS,,               |
13                                           |
                          Defendant.         |
14

15

16          Attached hereto is Exhibit D to the Declaration of John F. Jenkel in Support of

    Defendant's Motion for Summary Judgment ("the Declaration").  It was mistakenly omitted
17
    from the Declaration, which was filed with the Court on November 12, 2009, as Document
18
    No. 21.
19
            / / / /
20
            / / / /
21
            / / / /
22
            / / / /
23

EXHIBIT D TO THE DECLARATION OF JOHN F. JENKEL IN SUPPORT OF        **FORSBERG & UMLAUF, P.S.**
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – PAGE 1                         ATTORNEYS AT LAW
CAUSE NO. C09-1047 JCC                                              901 FIFTH AVENUE • SUITE 1400
                                                                   SEATTLE, WASHINGTON  98164-2050
                                                                   (206) 689-8500 • (206) 689-8501 FAX

1   DATED this 12th day of November, 2009.

2                                FORSBERG & UMLAUF, P.S.
                                 Attorneys for Defendant
3

4

5                                John F. Jenkel, WSBA #16085
                                 Jeffrey T. Kestle, WSBA #29648
6                                901 Fifth Avenue, Suite 1400
                                 Seattle, WA  98164
7                                Telephone:  (206) 689-8500
                                 Fax:  (206) 689-8501
8                                E-mail:  jjenkel@forsberg-umlauf.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

EXHIBIT D TO THE DECLARATION OF JOHN F. JENKEL IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – PAGE 2
CAUSE NO. C09-1047 JCC

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing EXHIBIT D TO THE DECLARATION OF JOHN F. JENKEL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT on the following individuals in the manner indicated:

Jon N. Robbins, Esq.
Weisberg & Meyers, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
Facsimile: 866-565-1327
(  ) Via U.S. Mail
(  ) Via Facsimile
(  ) Via Hand Delivery
(X) Via ECF

**SIGNED** this 13th day of November, 2009, at Seattle, Washington.

Beverly D. Chacon

EXHIBIT D TO THE DECLARATION OF JOHN F. JENKEL IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – PAGE 3
CAUSE NO. C09-1047 JCC

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

# FORSBERG & UMLAUF, P.S.
## ATTORNEYS AT LAW

901  FIFTH  AVENUE  •  SUITE  1700  •  SEATTLE,  WASHINGTON  98164-2050  •  TELEPHONE  (206) 689-8500  •  FACSIMILE  (206) 689-8501

RAY P. COX
TERRENCE J. CULLEN
CARL E. FORSBERG*
MELISSA K. HABECK
JOHN P. HAYES+
MICHAEL P. HOOKS
JOHN F. JENKEL**
A. GRANT LINGG
JAMES B. MEADE
PATRICK G. MIDDLETON*
ROY A. UMLAUF

ALSO ADMITTED IN ALASKA **
ALSO ADMITTED IN CALIFORNIA **
ALSO ADMITTED IN OREGON +

MARGARET J. BRUYA**
NATHAN L. FURMAN
CHRISTOPHER A. MATHESON
SUSAN K. MCINTOSH
MARTIN J. PUJOLAR
KENNETH M. ROESSLER
JEREMY H. ROGERS
RICHARD R. ROLAND**
PAUL S. SMITH+
BRIAN K. WEEKS+

OF COUNSEL
CHARLES E. ALBERTSON
PATRICK S. BRADY
SCOTT M. COLLINS
MARK C. DEAN
WILLIAM C. GIBSON
ANN C. MCCORMICK

September 1, 2009

**VIA EMAIL: jrobbins@attorneysforconsumers.com**
**And U.S. MAIL**
Jon N. Robbins, Esq.
Weisberg & Meyers, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148

Re:   LeClair v. Suttell & Associates
       USDC Western Dist. of WA Case No. C09-1047 JCC
       Our File No. 700.0026

Dear Mr. Robbins:

This will confirm our discussion in our FRCP 26(f) conference held today.

With all due respect, I view the claims set forth in the Complaint as both legally and factually unsustainable. In my view, the claims and contentions are not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law. The factual contentions do not have evidentiary support. The claims made in this matter expose your client and your firm to court imposed sanctions, and my client intends to seek such sanctions should this matter not be immediately dismissed.

The core allegations of the complaint are twofold:

First, it is asserted that the service of a complaint alone constitutes a deceptive practice or creates a false impression. It is asserted that Washington Superior Court Civil Rule 3 and RCW 4.16.170 require the filing of the complaint within 90 days of service to properly initiate a suit.

As I expressed to you, I think this claim relies upon a fundamental misreading of the law. Under Washington Superior Court Civil Rule 3, a lawsuit is initiated either by serving or filing

424065 / 700.0026

Jon N. Robbins, Esq.
September 1, 2009
Page 2

the complaint.  Unless there is an issue as to the tolling of the statute of limitations, RCW 4.16.170 is irrelevant.  See, for example, Seattle Seahawks, Inc. v. King County, 128 Wn.2d 915, 917, 913 P.2d 375 (1996):

> The applicable court rule and statute are unambiguous.  Both provide that a civil action is commenced by filing *or* by service of the summons and complaint. CR 3; RCW 4.28.020.  Once an action is commenced "the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings". RCW 4.28.020.  CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons *or by the filing of a complaint . . .* (emphasis in original)

Fully and completely complying with Washington state law in serving a complaint upon the debtor does not give rise to a legitimate claim of a deceptive or misleading practice.  We feel certain the U.S. District Court will agree with this proposition upon the filing of a dispositive motion.

Second, you have asserted in the complaint that the defendants failed to comply with applicable statutes in the initial communication with the debtor, including the provision of required notice language.

The facts are to the contrary.  Attached hereto is a copy of the standard form letter which was issued to Ms. Leclair on May 15, 2008.  The standard demand letter was modified by filling in the requisite fields as follows:

- The date field: 5/15/2008;

- The address field:  WENDY LECLAIR, 10809 SE 230th Street, Kent, WA 98031;

- The Re: field:  Midland Funding, LLC
  Wendy Leclair
  Reference Account No. 5770914016941827
  Total Amount $4,984.42

- The address line:  Dear Wendy Leclair:

Also attached to this letter is a copy of the electronic history notes kept in accordance with Suttell & Associates' standard procedures verifying the sending of the letter.  The appropriate mailing clerk will testify that the batch mailing was sent in accordance with standard procedures.  Under both Washington and Federal evidentiary law Suttell & Associates, PS will more than meet their evidentiary burden of showing the sending of said letter.

You and I agreed in our conference today that you would revisit the issue of this complaint and whether you would continue to assert the claims or withdraw the complaint.  We

Jon N. Robbins, Esq.
September 1, 2009
Page 3

have agreed to seek an extension of the initial disclosure and joint status report dates in order to allow you to do so.

As I advised you, I will be out of the office from September 10 through September 21, 2009.  I will look forward to discussing this matter further with you upon my return and being advised of how you intend to proceed.

Thank you for your attention to this matter.

Very truly yours,

FORSBERG & UMLAUF, P.S.

John F. Jenkel